No. 12478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

RONAN STATE BANK,
a Montana Corporation,

Plaintiff and Respondent,

-vs-

MARY M. JEWETT, formerly MARY M. SHEPHARD,

Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District.
Hon. E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Richard Heinz argued, Polson, Montana

For Respondent:

Christiansen, McCurdy, Ingraham & Wold, Polson,
Montana
Frank L. Ingraham argued, Polson, Montana

---

Submitted: May 31, 1973

Decided: JUN 2 0 1973

Filed: JUN 2 0 1973

*Thomas J. Kearney*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court of the fourth judicial district, county of Lake, Hon. E. Gardner Brownlee, judge presiding, granting a default judgment against an enrolled Indian, Mary M. Jewett.

This is a companion case to Security State Bank v. Pierre, Cause No. 8155, Lake County, which because of the similar fact situation was consolidated for hearing purposes at the time Judge Brownlee heard Pierre. At the time set for hearing Pierre in this Court in December 1972, counsel for appellant Jewett appeared and argued although no appeal had been taken by Jewett following Judge Brownlee's order granting a default judgment against her.

On February 7, 1973, this Court issued an opinion in the case of Security State Bank v. Pierre, reversing the order of the district court in Pierre. Due to a factual error concerning the appellate status of the instant case discovered after the re-mittitur had gone down in Pierre, the Court recalled the remittitur and set both cases for rehearing. After the recall order had issued, both respondent State Bank of Ronan and appellant Mary M. Jewett filed with this Court a stipulation expressly waiving any defects in the failure to file the notice of appeal and in the perfection of such appeal in the instant case. It was revealed that in the instant case Ronan State Bank had first attempted to bring its action in the Flathead Tribal Court, but appellant Jewett refused to permit the action. The action was then brought in the district court. In this Court's original opinion in Pierre it had been assumed that the parties had not attempted to bring action in the Tribal Court. Since that time the Tribal Law and Order Code has been amended to allow such actions in Tribal Court.

On March 19, 1973, the clerk of this Court received a notice of appeal, dated March 16, 1973, from counsel for appellant Jewett.

Both cases, _Pierre_ and _Jewett_, were reargued by counsel on May 31, 1973. In the instant case, it is now fully established and admitted by appellant's counsel that no timely appeal was taken by appellant Jewett.

There being no appeal before this Court, the cause is dismissed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices

_____
Hon. Bernard Thomas, District
Judge, sitting for Justice
Wesley Castles.